**In re Alan SILVERSTEIN, Debtor.**

**CRESTAR BANK, f/d/b/a United Virginia Bank, Plaintiff,**

v.

**Alan SILVERSTEIN, Defendant.**

**Bankruptcy No. 88–00238–AT.**
**Adv. No. 89–0449–AT.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Oct. 13, 1989.

220

Stephen E. Leach, Washington, D.C., for debtor.

Don Stewart, Rust, Rust & Silver, Fairfax, Va., for Crestar Bank.

## OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

This matter comes before the Court upon Crestar Bank's Motion for Judicial Review of Rejected Filing (the "motion"). After reviewing the lodged documents, the case file, and the motion, this Court affirms the Clerk's rejection of the lodged pleading and denies Crestar's motion. The following opinion shall constitute findings of fact and conclusions of law as required by Bankruptcy Rule 7052.

### Findings of Fact

This bankruptcy case began on February 10, 1988, when an involuntary bankruptcy petition was filed against Mr. Alan Silverstein (the "debtor"). An order for relief under chapter 7 was entered on June 23, 1988; however, shortly after the entry of this order the case was converted to a case under chapter 11 at the request of the debtor. On January 31, 1989, this case was reconverted to a chapter 7 case, and appropriate notice of the time deadlines under which creditors could file complaints to object to the debtor's discharge or the dischargeability of a debt was given. May 8, 1989, was the last date to file a complaint objecting to the dischargeability of debt under § 523(c). *See* Bankr.R. 4007(c).

At approximately 4:05 P.M. on May 8, 1989, a legal assistant for the firm representing Crestar Bank attempted to file a complaint to determine the dischargeability of a debt in this case. The intake deputy clerk rejected the proposed filing because the complaint was not accompanied by a properly completed, signed Adversary Proceeding Cover Sheet, A.O. Form B–104 and because the complaint was not accompanied by a properly completed summons form. The legal assistant was advised of these deficiencies.

Sometime between 5:05–5:10 P.M. on May 8, counsel for Crestar Bank arrived at the Clerk's Office to file the corrected proposed filing; however, the Clerk's Office was closed and no one responded to counsel's knock at the door. On May 9, 1989, counsel lodged the rejected pleading and filed the motion. The motion asked the Court to:

review the rejected filing and determine that the Complaint to Determine Dischargeability, which was in the Clerk's Office prior to the deadline, be deemed filed as of May 8, 1989, for purposes of compliance with the deadline set for filing such complaints.

### Conclusions of Law

Under Local Rule 107(E), the Clerk of Court is granted the authority to reject any proposed filing that does not comply with the filing requirements enunciated in Local Rule 107. If a proponent of a proposed filing objects to the Clerk's rejection of the proposed filing, then the proponent may lodge the proposed filing and file a written

motion requesting court review of the Clerk's rejection. *See* Local Rule 107(F).

The court's review of a lodged rejected proposed filing is a very limited review. Although some attorneys have attempted to use the lodging/judicial review procedure to extend bankruptcy filing deadlines, or bring other matters before the court, the lodging procedure exists only for the Court to review the Clerk's actions in rejecting a proposed filing. If the Clerk's actions were improper or incorrect, then the Court should overrule the Clerk's rejection and allow the proposed filing to be deemed filed as of the lodging date. However, if the Clerk's actions were supported by the local rules, then the Court should deny the motion.

Here, the Clerk rejected the proposed dischargeability complaint because the proposed complaint was not accompanied by (1) a properly completed, signed Adversary Proceeding Cover Sheet, A.O. Form B–104, nor (2) a properly completed summons and notice. This Court must determine if these defects created a sufficient basis for the Clerk to reject the proposed filing.

Local Rule 401 states that at the time of filing a complaint counsel or a pro se litigant must also file a properly completed A.O. Form B–104, Adversary Proceeding Cover Sheet. Local Rule 107(D)(2) reiterates the requirement of a Cover Sheet and additionally states that a complaint must be accompanied by a properly completed summons form. Accordingly, under the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia, the Clerk properly rejected the proposed filing because it failed to comply with Local Rule 401 and Local Rule 107(D)(2)(b) and (c).

Although this ruling appears harsh in that any subsequent filing by Crestar Bank might be beyond the filing deadline for dischargeability complaints under 11 U.S.C. § 523(c), this Court observes that Crestar Bank was made aware of the filing deadline in a timely fashion. By waiting until the last hour to file a timely complaint, Crestar Bank assumed the risk of any complication that could defeat the filing.

Additionally, this Court rejects the use of the lodging judicial review procedure as a backdoor approach to extend filing deadlines in bankruptcy cases and proceedings. Procedures exist through which creditors or other parties-in-interest could seek to extend the filing deadlines established by the National and Local Rules of Bankruptcy Procedure. As stated above, a judicial review of a rejected proposed filing is a limited review, and this Court will not extend the limited scope of that review.

Accordingly, for the reasons stated above, Crestar Bank's motion is denied.

An appropriate order shall be issued.